UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

THEODORE MYERS MCFADDEN,

Petitioner,

v.

Civil Action No. TDC-19-3336

J.R. BELL, *Warden*,

Respondent.

**MEMORANDUM ORDER**

Petitioner Theodore Myers McFadden, a federal prisoner formerly confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), has filed a self-represented Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence imposed by the United States District Court for the Eastern District of Pennsylvania. McFadden has since been released from custody. McFadden asserts that the Federal Bureau of Prisons ("BOP") improperly collected quarterly payments from him in excess of the amount of fines and restitution ordered to be paid as part of his sentence. McFadden asks the Court to "clarify the restitution order and direct the Bureau's staff to cease collection activities in excess of the court's judgment." Pet. at 9, ECF No. 1. Respondent field an Answer to the Petition, but McFadden did not file a Reply. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

In 2018, McFadden was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute five kg or more of cocaine and 1000 kg or more of marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute 500 g or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B); and money laundering, in violation of 18 U.S.C. § 1956(h). On October 12, 2018, McFadden was sentenced to a total term of imprisonment of 102 months. He was also ordered to pay a special assessment of $400.00.

At the time of his 2018 sentencing, McFadden had two prior convictions in the Eastern District of Pennsylvania for which he had outstanding monetary obligations. First, in 1997, McFadden was convicted of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(d) and 2. On August 6, 1997, he was sentenced to a five-year term of probation and ordered to pay a $50.00 special assessment, a $500.00 fine, and $690.00 in restitution. On July 23, 2001, after he was found to have violated conditions of probation, McFadden was sentenced to a term of imprisonment of 12 months.

Second, on April 15, 2013, following a conviction for possession of a firearm by a convicted felon, McFadden was ordered, as part of his sentence, to pay a $1,000.00 fine and a $100.00 special assessment. McFadden does not contest these convictions or the related monetary penalties.

While serving his 2018 sentence at FCI-Cumberland, McFadden signed an Inmate Financial Plan ("IFP") and voluntarily participated in the Inmate Financial Responsibility Program. Under the terms of the IFP, McFadden agreed to pay $420.00 quarterly toward "satisfaction of the financial obligation(s) indicated on this form." IFP at 1, Answer Ex. F, ECF No. 5-10. The financial obligations listed on the form included $40.00 in restitution, a $470.00

fine, and a $1000.00 fine, which are consistent with the financial obligations imposed on the 1997 and 2013 sentences. McFadden has not disputed these amounts.

## DISCUSSION

In the Petition, McFadden argues that because he paid in full the $400.00 special assessment ordered as part of the 2018 sentence he was serving at the time he filed the Petition, the BOP should not have been taking payments from him for the restitution and fines related to the 1997 and 2013 convictions. Respondent asserts that the funds were properly taken to pay valid financial penalties imposed as part of the 1997 and 2013 sentences, and that McFadden voluntarily agreed to participate in the financial responsibility program to pay these obligations.

McFadden is challenging the execution of his 2018 sentence, specifically the collection of monetary penalties included in his sentence. Such a claim is cognizable pursuant to 28 U.S.C. § 2241. *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (finding that a petitioner's challenge to his obligation to make restitution payments through the BOP's inmate financial responsibility program was cognizable under 28 U.S.C. § 2241).

Upon a federal conviction and sentence, "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1) (2018). The Attorney General is tasked with the responsibility of collecting unpaid fines and restitution. 18 U.S.C. § 3612(c). "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b). "The liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay restitution." *Id.*

Here, McFadden was ordered to pay various fines, restitution, and special assessments pursuant to at least three different criminal judgments against him. Respondent has provided documentation of these convictions and sentences, and McFadden has not objected to their authenticity. The evidence shows that the fines and restitution at issue were legally ordered by the Eastern District of Pennsylvania. Furthermore, the financial obligations to which McFadden objects have not expired. As to his 1997 conviction, McFadden was released from prison on October 7, 2003. He was released from his 2013 conviction on January 5, 2015. Accordingly, when he filed the Petition in 2020 alleging that the BOP was improperly taking funds to pay fines and restitution, 20 years had not elapsed since his release from imprisonment in either case.

Because the BOP was properly collecting payments for legal monetary penalties that were still active during McFadden's imprisonment on his 2018 conviction, and where McFadden had signed an IFP agreement to make quarterly payments toward those obligations, the Court finds no violation of law relating to the execution of McFadden's sentence.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, McFadden must receive a certificate of appealability before any appeal may proceed. 28 U.S.C. § 2253(c)(1) (2018).

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). Upon review of the record, the Court finds that McFadden has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. McFadden may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus is DENIED.
2. The Court declines to issue a certificate of appealability.
3. The Clerk shall send a copy of this Memorandum Order to McFadden.
4. The Clerk shall close this case.

Date: April 12, 2023

THEODORE D. CHUANG
United States District Judge